**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DANIL DENHA, Individually and on Behalf of All Others Similarly Situated, | Case No. 1:26-cv-00575-JSR |
| Plaintiff, | **MEMORANDUM OF LAW IN SUPPORT OF MOTION TO APPOINT MAUREEN FINKE AS LEAD PLAINTIFF AND APPROVE THE SELECTION OF LEAD COUNSEL** |
| v. | |
| BELLRING BRANDS, INC., DARCY HORN DAVENPORT, and PAUL RODE, | |
| Defendants. | |

**TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ...........................................................................................................1

II.   ARGUMENT..................................................................................................................2

      A.    Movant Should Be Appointed Lead Plaintiff .............................................................2

            1.    Movant's Motion Is Timely ..........................................................................3

            2.    Movant Has The Largest Financial Interest In The Relief
                 Sought By The Class....................................................................................3

            3.    Movant Otherwise Satisfies the Requirements of Rule 23 ..........................3

      B.    The Court Should Approve Movant's Selection of Counsel ...................................4

III.  CONCLUSION................................................................................................................5

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*City of Sunrise Firefighter's Pension Fund v. Citigroup Inc.*,
 2021 WL 396343 (S.D.N.Y. Feb. 4, 2021)....................................................................4

*Foley v. Transocean Ltd.*,
 272 F.R.D. 126 (S.D.N.Y. 2011) ..............................................................................3

*Gilbert v. Azure Power Glob. Ltd.*,
 2022 WL 17539172 (S.D.N.Y. Dec. 8, 2022) ........................................................5

*Pompano Beach Police & Firefighters' Ret. Sys. v. Olo Inc.*,
 2022 WL 17832556 (S.D.N.Y. Dec. 21, 2022) (Rakoff, J.) ....................................4

## STATUTES

15 U.S.C. § 77z-1(a)(3)(B)(v)......................................................................................4

15 U.S.C. § 78u-4 *et seq.* .................................................................. *passim*

## OTHER AUTHORITIES

Federal Rules of Civil Procedure Rule 23 ...............................................................1, 3, 4

## I.   INTRODUCTION

The above-captioned federal securities class action alleges that Defendants made materially false and misleading statements or omissions between November 19, 2024 and August 4, 2025 ("Class Period") concerning BellRing, Inc.'s ("BellRing" or the "Company") business, operations, and prospects. These alleged facts give rise to claims against Defendants under the Securities Exchange Act of 1934, which are governed by the PSLRA. As a result of Defendants' false and misleading statements, BellRing investors, including movant Maureen Finke ("Movant" or "Ms. Finke"), suffered significant harm when the fraud was ultimately revealed.

The PSLRA directs the Court to appoint as lead plaintiff "the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). In that regard, the Court is required to determine which movant has the "largest financial interest" in the relief sought by the class in this litigation and whether that movant has made a *prima facie* showing that it is a typical and adequate class representative under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Here, Movant respectfully submits that she is the "most adequate plaintiff" under the PSLRA's analysis and should be appointed Lead Plaintiff. Movant believes she has the largest financial interest in the above-captioned actions by virtue of her substantial investments in BellRing securities. *See* Certification and Loss Chart, Declaration of Nathaniel A. Tarnor ("Tarnor Decl."), Exhibits ("Ex.") A and B, submitted herewith; *see also* 15 U.S.C. § 78u-4(a)(3)(B)(iii).

In addition to asserting the largest financial interest in this litigation, Movant also meets the applicable requirements of Rule 23 because her claims are typical of absent class members and because she will fairly and adequately represent the interests of the Class. Movant, a resident of Westhampton, New York, is presently retired, holds a Bachelor of Applied Science degree, and

has over twenty-five years of experience in managing her own investment portfolio. *See* Movant's Declaration, Tarnor Decl., Ex. C. Given her significant loss and financial interest in prosecuting this case, Movant has both the incentive and ability to supervise and monitor counsel. Further, Movant fully understands the Lead Plaintiff's obligations to the Class under the PSLRA, and is willing and able to undertake the responsibilities of the Lead Plaintiff to ensure the vigorous prosecution of this action. *See* Movant's Certification and Declaration, attached as Exs. A and C to the Tarnor Decl.

Movant has also demonstrated her adequacy through her selection of Hagens Berman Sobol Shapiro LLP ("Hagens Berman") as proposed Lead Counsel for the Class. Hagens Berman is a nationally recognized securities class action firm with a track record in obtaining substantial recoveries on behalf of harmed investors. *See* Tarnor Decl., Ex. D at 16. Hagens Berman is qualified to prosecute this case and has extensive experience in securities fraud litigation, all of which will benefit the Class.

Accordingly, based on Movant's significant losses, financial interest, and her commitment and ability to oversee this action, Ms. Finke respectfully requests the Court appoint her as Lead Plaintiff and otherwise grant her motion.

## II.    ARGUMENT

### A.    Movant Should Be Appointed Lead Plaintiff

Movant should be appointed Lead Plaintiff because she is the movant "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). The PSLRA sets forth the procedure for selecting the Lead Plaintiff in class actions arising under the federal securities laws and provides a presumption in favor of the movant with the "largest financial interest" in the relief sought by the Class and that satisfies the relevant requirements of

Rule 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). As set forth below, Movant believes she is the "most adequate plaintiff" and should be appointed as Lead Plaintiff.

### 1.    Movant's Motion Is Timely

Under the PSLRA, any class member or group of class members may move for appointment as Lead Plaintiff within 60 days of the publication of notice that the first action asserting substantially the same claims has been filed. *See* 15 U.S.C. § 78u-4(a)(3)(A). The notice published in this action on January 22, 2026 advised class members of: (1) the pendency of the action; (2) the claims asserted therein; (3) the proposed class period; and (4) the right to move the Court to be appointed as lead plaintiff by the lead plaintiff deadline. *See* Published Notice, Tarnor Decl., Ex. E. Because Movant filed the motion within sixty days of publication of the notice of action, the motion is timely.

### 2.    Movant Has The Largest Financial Interest In The Relief Sought By The Class

As set forth in Movant's PSLRA certification and loss chart, Movant purchased BellRing shares and suffered substantial losses as a result of Defendants' alleged fraud. *See* Tarnor Decl., Exs. A and B. To the best of Movant's counsel's knowledge, there is no other movant with a larger financial interest. Therefore, Movant satisfies the PSLRA's prerequisite of having the largest financial interest in the relief sought by the Class.

### 3.    Movant Otherwise Satisfies the Requirements of Rule 23

Ms. Finke has also made a preliminary showing of meeting the typicality requirement of Rule 23. Ms. Finke's claims are identical to, and neither compete nor conflict with, the claims of the other class members. *See Foley v. Transocean Ltd*., 272 F.R.D. 126, 131 (S.D.N.Y. 2011) ("The typicality threshold is satisfied where the claims arise from the same conduct from which the other class members' claims and injuries arise."). Like all other class members, Ms. Finke

purchased BellRing securities during the class period, suffered damages as a result of Defendants' allegedly false and misleading statements, and seeks relief under the federal securities laws.

Ms. Finke has similarly made a preliminary showing of meeting the adequacy requirement of Rule 23. The adequacy requirement "is satisfied where: '(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy.'" *Pompano Beach Police & Firefighters' Ret. Sys. v. Olo Inc.*, 2022 WL 17832556, at *2 (S.D.N.Y. Dec. 21, 2022) (Rakoff, J.) (quoting *Kaplan v. Gelfond*, 240 F.R.D. 88, 94 (S.D.N.Y. 2007)).

First, Ms. Finke's choice of counsel, Hagens Berman, is qualified and experienced. *See* Hagens Berman's Firm Résumé, Tarnor Decl., Ex. D. Second, Ms. Finke's claims are identical to those of the other class members, and there is no other identifiable conflict. Third, Ms. Finke's significant financial interest in the relief sought by the class will ensure vigorous advocacy on behalf of that class.

Ms. Finke is therefore the presumptive lead plaintiff. See 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

**B.    The Court Should Approve Movant's Selection of Counsel**

Subject to the Court's approval, lead plaintiff shall "select and retain counsel to represent the class." 15 U.S.C. § 77z-1(a)(3)(B)(v). Courts "generally defer to the plaintiff's choice of counsel, and will only reject the plaintiff's choice if necessary to protect the interests of the class." *City of Sunrise Firefighter's Pension Fund v. Citigroup Inc.*, 2021 WL 396343, at *6 (S.D.N.Y. Feb. 4, 2021). "In assessing a plaintiff's selection and retention to represent a purported class, courts give significant weight to counsel's experience." *City of Omaha Police & Firefighters Ret. Sys.*, 2023 WL 6458930, at *7 (S.D.N.Y. Oct. 4, 2023) (citation omitted).

Movant has selected Hagens Berman to serve as Lead Counsel for the proposed Class. Hagens Berman has previously been appointed as lead counsel and has a demonstrated ability to work in an efficient fashion in the class's best interests. *See* Hagens Berman Firm Résumé, Tarnor Decl., Ex. D. Hagens Berman is one of the country's leading securities litigation firms, advising clients in both individual and class-action cases. *See* Ex. D at page 18. Hagens Berman is currently serving as Lead Counsel or Co-lead Counsel in several high-profile securities class actions. *See* Ex. D at page 18. Thus, the Court may be assured that by granting this motion, the Class will receive the highest caliber of legal representation. *Gilbert v. Azure Power Glob. Ltd.*, 2022 WL 17539172, at *3 (S.D.N.Y. Dec. 8, 2022) (approving movant's choice of counsel).

## III.    CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court: (1) appoint Movant as Lead Plaintiff pursuant to the PSLRA; (2) approve Movant's selection of Hagens Berman to serve as Lead Counsel for the putative/proposed Class; and (3) grant such other and further relief as the Court may deem just and proper.

DATED: March 23, 2026                      Respectfully submitted,

HAGENS BERMAN SOBOL SHAPIRO LLP

By      */s/ Nathaniel A. Tarnor*
         NATHANIEL A. TARNOR

594 Dean Street, Suite 8
Brooklyn, NY 11238
Telephone: (212) 752-5455
Facsimile:  (917) 210-3980
nathant@hbsslaw.com

Lucas E. Gilmore (*pro hac vice* forthcoming)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 300
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
lucasg@hbsslaw.com

*Counsel for [Proposed] Lead Plaintiff*
*Maureen Finke*

- 6-

**WORD COUNT COMPLIANCE CERTIFICATE**

I, Nathaniel A. Tarnor, certify that this brief complies with Local Civil Rule 7.1(c).

I further certify that, in preparation of this brief, I used Microsoft Word, and that this word processing program has been applied specifically to include all text, including headings, footnotes, and quotations in the following word court.

I further certify that the above-referenced brief contains 1,422 words.

/s/ Nathaniel A. Tarnor
NATHANIEL A. TARNOR

**CERTIFICATE OF SERVICE**

I hereby certify that I am the ECF User whose ID and password are being used to electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the e-mail addresses registered, as denoted on the Electronic Mail Notice List, and I hereby certify that I have caused to be mailed a paper copy of the foregoing document via the United States Postal Service to the non-CM/ECF participants indicated on the Manual Notice List generated by the CM/ECF system.

> */s/ Nathaniel A. Tarnor*
> NATHANIEL A. TARNOR