# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DANIL DENHA, Individually and on Behalf of All Others Similarly Situated,<br><br>     Plaintiff,<br><br>v.<br><br>BELLRING BRANDS, INC., DARCY HORN DAVENPORT, and PAUL RODE,<br><br>     Defendants. | Case No. 1:26-cv-00575-JSR<br><br>CLASS ACTION<br><br>**MEMORANDUM IN SUPPORT OF OPERATING ENGINEERS CONTRUCTION INDUSTRY AND MISCELLANEOUS PENSION FUND'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL** |

**TABLE OF CONTENTS**

I.    INTRODUCTION .......................................................................................................... 1

II.   FACTUAL BACKGROUND ....................................................................................... 2

III.  ARGUMENT ............................................................................................................... 4

    A.   **Operating Engineers Should Be Appointed Lead Plaintiff** .......................................... 4

        1.   Operating Engineers' Motion Is Timely ........................................................................ 5

        2.   Operating Engineers Has a Substantial Financial Interest In The Relief Sought By The
        Class ................................................................................................................................. 6

        3.   Operating Engineers is Typical and Adequate of the Class ........................................... 6

    B.   **The Court Should Approve Operating Engineers' Selection of Counsel** .................... 8

IV.   CONCLUSION ............................................................................................................. 9

## TABLE OF AUTHORITIES

**Cases**

*Amberber v. EHang Holdings Ltd.*,
2022 WL 409096 (S.D.N.Y. Feb. 10, 2022)........................................................................ 8, 9

*Bardaji v. Match Grp., Inc.*,
2023 WL 3624774 (D. Del. May 24, 2023)............................................................................. 9

*Bishop v. N.Y. City Dep't of Hous. Pres. & Dev.*,
141 F.R.D. 229 (2d Cir. 1992) ................................................................................................ 6

*Casper v. Song Jinan*,
2012 WL 3865267 (S.D.N.Y. Sept. 6, 2012).......................................................................... 7

*City of Warren Police & Fire Ret. Sys. v. World Wrestling Ent. Inc.*,
2020 WL 2614703 (S.D.N.Y. May 22, 2020) ......................................................................... 8

*Denha v. BellRing Brands, Inc. et al.*,
No. 1:26-cv-00575 (S.D.N.Y. Jan. 22, 2026) ........................................................................ 2

*In re Lyft, Inc. Sec. Litig.*,
2023 WL 5068504 (N.D. Cal. Aug. 7, 2023) .......................................................................... 9

*In re Oxford Health Plans, Inc. Sec. Litig.*,
182 F.R.D. 42 (S.D.N.Y. 1998) .............................................................................................. 6

*In re Turquoise Hill Res. Ltd. Sec. Litig.*,
2021 WL 148752 (S.D.N.Y. Jan. 15, 2021) ........................................................................... 8

*Janbay v. Canadian Solar, Inc.*,
272 F.R.D. 113 (S.D.N.Y. 2010) ............................................................................................ 6

*Jolly Roger Offshore Fund LTD v. BKF Cap. Grp., Inc.*,
2007 WL 2363610 (S.D.N.Y. Aug. 16, 2007)........................................................................ 7

*Moore v. Checkpoint Therapeutics, Inc.*,
2024 WL 3090623 (S.D.N.Y. June 21, 2024) ..................................................................... 6, 7

*Shapiro v. TG Therapeutics, Inc.*,
2022 WL 16555585 (S.D.N.Y. Oct. 31, 2022)..................................................................... 2, 8

*Thieffry v. Synchronoss Tech., Inc.*,
No. 3:17-cv-07173-FLW-LHG (D.N.J. 2018)........................................................................ 9

*Weinberg v. Atlas Air Worldwide Holdings, Inc.*,
  216 F.R.D. 248 (S.D.N.Y. 2003) ...................................................................................... 6

**Statutes**

Private Securities Litigation Reform Act of 1995 ("PSLRA"),
  15 U.S.C §78u4(a) ............................................................................................... passim

**Other Authorities**

H.R. Conf. Rep. No. 104-369, at 34 (1995),
  *reprinted in* 1995 U.S.C.C.A.N. 730, 733 (1995).................................................. 2, 8

iv

Operating Engineers Construction Industry and Miscellaneous Pension Fund (Local 66) ("Operating Engineers") respectfully submits this memorandum of law in support of its motion for: (1) appointment as Lead Plaintiff for the Class under the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C §78u4(a)(3)(B); (2) approval of its selection of Block & Leviton LLP ("Block & Leviton") as Lead Counsel for the Class; and (3) granting any other relief that the Court may deem just and proper.

## I.   INTRODUCTION

The PSLRA allows any member of the proposed class to move for appointment as lead plaintiff and sets forth the process for determining which movant is the "most adequate." 15 U.S.C. §78u-4(a)(3)(B)(i). The PSLRA requires the Court to appoint as lead plaintiff the movant who: (1) makes a timely motion under the PSLRA's sixty-day deadline; (2) asserts the largest financial interest in the litigation; and (3) satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).

Operating Engineers is the presumptive "most adequate plaintiff" under the PSLRA and should be appointed as Lead Plaintiff. Operating Engineers has timely moved for lead plaintiff appointment. Operating Engineers has suffered losses of approximately $197,826.75 in connection with transactions in BellRing Brands, Inc. ("BellRing") common stock during the Class Period and believes it has the largest known financial interest in the relief sought by the class. *See* Declaration of Jeffrey C. Block in Support of Motion for Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel ("Block Decl."), Exs. B, C. In addition to asserting the largest financial interest, Operating Engineers readily satisfies the relevant requirements of Rule 23 because its claims are typical of all members of the class and because it will fairly and adequately represent the class.

Operating Engineers is the ideal lead plaintiff envisioned by Congress in its enactment of the PSLRA. *See* H.R. Conf. Rep. No. 104-369, at 34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733 (1995) (explaining that "increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions"); *see also Shapiro v. TG Therapeutics, Inc.*, 2022 WL 16555585, at *6 (S.D.N.Y. Oct. 31, 2022) (finding that a lead plaintiff movant which was "an institutional investor with significant resources, expertise, and experience . . . is precisely the sort of plaintiff that Congress intended to empower when it enacted the PSLRA").

In addition, Operating Engineers has retained Block & Leviton LLP, counsel with extensive experience prosecuting complex securities class actions, to represent the class. As the "most adequate plaintiff" under the PSLRA, Operating Engineers' selection of Block & Leviton as Lead Counsel for the class should be approved. *See* 15 U.S.C. §78u-4(a)(3)(B)(v).

## II.    FACTUAL BACKGROUND

This securities class action was filed on behalf of persons and entities that purchased or otherwise acquired BellRing securities between November 19, 2024 and August 4, 2025, inclusive (the "Class Period") and were damaged thereby. This case alleges claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), and Rule 10b-5 promulgated thereunder.

BellRing develops, markets, and sells "convenient nutrition" products such as ready-to-drink ("RTD") protein shakes, powders, bars, and other protein enriched food products, primarily under the brand name Premier Protein. ¶2.[1] Previously, supply constraints heavily impacted BellRing's financial results. ¶28. Demand exceeded manufacturing capacity, often leaving the Company

---

[1] Citations to "¶__" refer to paragraphs of the Complaint, *Denha v. BellRing Brands, Inc. et al.*, Case No. 1:26-cv-00575 (S.D.N.Y. Jan. 22, 2026), ECF No. 1.

unable to fully meet retailer demand. *Id.* However, in 2024, prior to the start of the Class Period, BellRing expanded manufacturing capacity by adding more third-party manufacturing partners. ¶29. According to Defendants, the new manufacturing capacity allowed the Company to implement certain "demand drivers" for the first time in years. *Id.*

During the Class Period, Defendants represented that sales growth reflected increased end-consumer demand, attributing results to "organic growth," new "demand drivers," "distribution gains," "incremental promotional activity," and "[s]trong macro tailwinds around protein" which was "driving robust long-term growth[.]" ¶7. Defendants also downplayed the impact of competition on demand for its products, insisting that the Company was not experiencing any significant changes in competition, and that in the RTD category particularly, BellRing possessed a "competitive moat," given that "the ready-to-drink category is just highly complex" and the products are "hard to formulate." *Id.* In truth, BellRing's reported sales during the Class Period were due to its key customers stockpiling inventory, which concealed the erosion of the Company's market share as competition intensified, and did not reflect increased end-consumer demand or brand momentum. *Id.* Customers had accumulated excess inventory as a safeguard against product shortages that had previously constrained BellRing's supply. *Id.*

On May 6, 2025, Defendant Rode revealed that "several key retailers lowered their weeks of supply on hand, which is expected to be a mid-single-digit headwind to our third quarter growth," adding "[w]e now expect Q3 net sales growth of low single digits[.]" ¶9. Defendant Davenport revealed that retailers had been "hoarding inventory to make sure that they didn't run out of stock on shelf" and "protecting themselves coming out of capacity constraints." *Id.* She further revealed that since there had been "several quarters of high in-stock rates" customers "felt comfortable about bringing [inventory] down. We thought this could happen." *Id.* Despite this, Davenport

3

assured investors that demand for BellRing's products remained strong and there is "no softness, no concern around consumption." ¶45. On this news, the price of BellRing stock fell $14.88 per share, or 19%, from $78.43 per share on May 5, 2025, to close at $63.55 per share on May 6, 2025, on unusually heavy trading volume. ¶46.

Then, on August 4, 2025, BellRing reported its 3Q 2025 financial results and "narrowed its fiscal year 2025 outlook for net sales," a move the market viewed as a negative signal about the Company's sales momentum. ¶47. The next day, during the Company's August 5, 2025 earnings call, Defendant Davenport attributed the disappointing new sales outlook to competitive headwinds. and revealed that although BellRing had secured new inventory space with a large club retailer, "several other competitors gained . . . space as well. So we're assuming this increases some competitive pressure in club[.]" ¶¶48-49. On this news, the price of BellRing stock fell $17.46 per share, or nearly 33%, from $53.64 per share on August 4, 2025, to $36.18 per share on August 5, 2025, on unusually heavy trading volume. ¶50.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of BellRing's securities, Operating Engineers and other Class members have suffered significant losses and damages.

## III.    ARGUMENT

### A.  Operating Engineers Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of the lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1), 4(a)(3)(B)(i). First, "[n]ot later than 20 days" after the complaint is filed, a notice must be published "in a widely circulated national business-oriented publication or wire service" advising class members "of the pendency of the action, the claims asserted therein, and the purported class period" and that "not later than

4

60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff." 15 U.S.C. §78u-4(a)(3)(A)(i). The statutory notice in this action was published on January 22, 2026. *See* Block Decl., Ex. A.

Next, the PSLRA provides that, within 90 days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the member of the class the Court determines to be most capable of adequately representing the interests of other class members. 15 U.S.C. §78u-4(a)(3)(B). The PSLRA also provides that the Court shall adopt a presumption that the most adequate plaintiff is the person that:

(aa) has either filed the complaint or made a motion in response to a notice [published by a complainant];

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I).

Operating Engineers meets these requirements and should therefore be appointed Lead Plaintiff.

### 1.  Operating Engineers' Motion Is Timely

The statutory notice published on January 22, 2026 advised Class members of the pendency of the action, the claims asserted, the proposed Class Period, and the right to move the Court to be appointed as lead plaintiff by March 23, 2026. *See* Block Decl., Ex. A. Because Operating Engineers' motion has been filed by the statutory deadline, it is eligible for appointment as lead plaintiff.

### 2. Operating Engineers Has a Substantial Financial Interest In The Relief Sought By The Class

As evidenced by its certification and loss chart, Operating Engineers suffered approximately $197,826.75 in losses as a result of Defendants' violations of the federal securities laws. *See* Block Decl., Exs. B, C. To the best of Operating Engineers' counsel's knowledge, there are no other plaintiffs with a larger financial interest. Accordingly, Operating Engineers is entitled to the presumption that it is the most adequate lead plaintiff.

### 3. Operating Engineers is Typical and Adequate of the Class

In addition to possessing a significant financial interest, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). At this stage of the litigation, only a "preliminary showing" of typicality and adequacy is required. *Moore v. Checkpoint Therapeutics, Inc.,* 2024 WL 3090623, at *2 (S.D.N.Y. June 21, 2024) (citing *Weinberg v. Atlas Air Worldwide Holdings, Inc.*, 216 F.R.D. 248, 252 (S.D.N.Y. 2003)).

The typicality requirement is satisfied "where the claims arise from the same conduct from which the other class members' claims and injuries arise." *Moore,* 2024 WL 3090623, at *2 (citing *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 45 (S.D.N.Y. 1998)). "[T]he claims of the class representative need not be identical those of all members of the class. '[T]he typicality requirement may be satisfied even if there are factual dissimilarities or variations between the claims of the named plaintiffs and those of other class members, including distinctions in the qualifications of the class members.'" *Janbay v. Canadian Solar, Inc.*, 272 F.R.D. 113, 120 (S.D.N.Y. 2010) (quoting *Bishop v. N.Y. City Dep't of Hous. Pres. & Dev.*, 141 F.R.D. 229, 238 (2d Cir. 1992)).

Operating Engineers' claims are typical of those of the Class. Operating Engineers alleges, as do all Class members, that Defendants violated the Exchange Act by making false and/or

6

misleading statements during the Class Period. Like all class members, Operating Engineers' claims arise from the purchase or acquisition of BellRing stock during the Class Period at prices alleged to have been artificially inflated by Defendants' misrepresentations or omissions, and were damaged upon the disclosure of those misrepresentations and/or omissions that drove BellRing's share price downward. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class's claims, satisfy the typicality requirement of Rule 23(a)(3). *See Casper v. Song Jinan*, 2012 WL 3865267, at *2 (S.D.N.Y. Sept. 6, 2012).

The adequacy requirement is satisfied where: "(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *Moore,* 2024 WL 3090623, at *2 (citing *Jolly Roger Offshore Fund LTD v. BKF Cap. Grp., Inc.,* 2007 WL 2363610, at *4 (S.D.N.Y. Aug. 16, 2007)).

Operating Engineers is a more than adequate representative for the class. It has a substantial financial interest in the case and is committed to vigorously pursuing claims on behalf of the class. Operating Engineers is not aware of any conflicts between its claims and those asserted by the class, and it has submitted a sworn certification with this motion providing background information and confirming its desire, willingness, and ability to serve as lead plaintiff. Block Decl., Ex. D.

In addition to satisfying the requirements of Rule 23, Operating Engineers is a sophisticated institutional investor with experience serving as court-appointed lead plaintiff under the PSLRA, and is thus precisely the type of investor Congress intended to encourage to take a more prominent role in securities litigation. *See* H.R. Conf. Rep. No. 104-369, at 34 (1995), *reprinted in* 1995

U.S.C.C.A.N. 730, 733 ("The Conference Committee believes that increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions."). Congress reasoned that institutional investors with a large financial stake are more apt to effectively manage complex securities litigation. *See id.* at 34-35, *reprinted in* 1995 U.S.C.C.A.N. at 733-34; *see also TG Therapeutics, Inc.*, 2022 WL 16555585, at *6 ("an institutional investor with significant resources, expertise, and experience . . . is precisely the sort of plaintiff that Congress intended to empower when it enacted the PSLRA"); *City of Warren Police & Fire Ret. Sys. v. World Wrestling Ent. Inc.*, 2020 WL 2614703, at *3 (S.D.N.Y. May 22, 2020) (same); *In re Turquoise Hill Res. Ltd. Sec. Litig.*, 2021 WL 148752, at *6 (S.D.N.Y. Jan. 15, 2021) (same).

Operating Engineers has also selected qualified counsel, highly experienced in securities litigation, as discussed in greater detail below. *See Amberber v. EHang Holdings Ltd.*, No. 21 CIV. 1392 (GBD), 2022 WL 409096, at *3 (S.D.N.Y. Feb. 10, 2022) (finding movant demonstrated *prima facie* adequacy because he "retained qualified, experienced counsel [Block & Leviton], he is not aware of any conflict between his claims and those asserted on behalf of the putative class, and he submits that he has sufficient incentive to provide vigorous advocacy in this litigation."). Accordingly, Operating Engineers readily satisfies the adequacy requirement.

Because Operating Engineers filed a timely motion, believes it has the largest financial interest in the relief sought by the Class, and demonstrated its preliminary typicality and adequacy, the Court should adopt the presumption that Operating Engineers is the "most adequate" plaintiff.

**B.  The Court Should Approve Operating Engineers' Selection of Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). Operating Engineers has selected Block

8

& Leviton, a firm with substantial experience in the prosecution of shareholder and securities class actions, to serve as lead counsel. Block Decl., Ex. E.

As noted by one district court,

> While I recognize that each counsel is well qualified, I am particularly persuaded by [Block & Leviton's] experience in large securities class actions, such as its representation of plaintiffs in *In re BP Securities Litigation*, (S.D. Tex.), *In re Google Inc. Class C Shareholder Litig.* (Del. Ch. Ct.), and *In re Volkswagen "Clean Diesel" Marketing, Sales and Products Liability Litigation* (N.D. Cal.). I find the experience garnered from such representations will benefit the shareholder in this suit.

*Thieffry v. Synchronoss Tech., Inc.*, No. 3:17-cv-07173-FLW-LHG (D.N.J. 2018) (ECF No. 21). Courts in this district and across the country have likewise recognized Block & Leviton's adequacy and appointed the firm as lead counsel. *See e.g.*, *Amberber v. EHang Holdings Ltd.*, 2022 WL 409096, at *5 (S.D.N.Y. Feb. 10, 2022) ("Block & Leviton LLP can capably represent the class here, given the firm's experience in litigating class action lawsuits."); *Bardaji v. Match Grp., Inc.*, 2023 WL 3624774, at *3 (D. Del. May 24, 2023) (noting that Block & Leviton "has substantial experience in securities fraud litigation [and] has obtained a significant number of sizeable settlements in these cases over the years."); *see also In re Lyft, Inc. Sec. Litig.*, 2023 WL 5068504 at *9 (N.D. Cal. Aug. 7, 2023) (approving $25 million settlement and stating, "Block & Leviton are highly experienced lawyers with expertise in securities class actions.").

Accordingly, Operating Engineers' selection of Block & Leviton as lead counsel is reasonable and should be approved.

## IV.    CONCLUSION

For the foregoing reasons, Operating Engineers respectfully requests that the Court: (1) appoint Operating Engineers as Lead Plaintiff; (2) approve its selection of Block & Leviton LLP as Lead Counsel; and (3) grant such other relief as the Court may deem just and proper.

DATED: March 23, 2026                    Respectfully submitted,

                                         */s/ Jeffrey C. Block*
                                         Jeffrey C. Block
                                         Jacob A. Walker (*pro hac vice* forthcoming)
                                         Sarah E. Delaney
                                         **BLOCK & LEVITON LLP**
                                         260 Franklin Street, Suite 1860
                                         Boston, MA 02110
                                         (617) 398-5600 phone
                                         jeff@blockleviton.com
                                         jake@blockleviton.com
                                         sarah@blockleviton.com

                                         *Counsel for Operating Engineers Construction Industry and Miscellaneous Pension Fund (Local 66)*

10

## WORD COUNT CERTIFICATION

I, Sarah E. Delaney, certify that this Memorandum of Law in support of Operating Engineers' Motion contains 2,934 words and complies with the word count limitation of Local Civil Rule 7.1(c)

*/s/ Sarah E. Delaney*
Sarah E. Delaney
**BLOCK & LEVITON LLP**
260 Franklin Street, Suite 1860
Boston, MA 02110
(617) 398-5600 phone
sarah@blockleviton.com

*Counsel for Operating Engineers*
*Construction Industry and Miscellaneous*
*Pension Fund (Local 66)*

11