UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————— x

DANIL DENHA, Individually and on Behalf     :     Civil Action No. 1:26-cv-00575-JSR
of All Others Similarly Situated,
                                            :     <u>CLASS ACTION</u>
                                            :
                        Plaintiff,          :
                                            :     INDIANA PUBLIC RETIREMENT
                                            :     SYSTEM'S OPPOSITION TO COMPETING
           vs.                              :     LEAD PLAINTIFF MOTIONS
                                            :
BELLRING BRANDS, INC., DARCY HORN           :
DAVENPORT, and PAUL RODE,                   :
                                            :
                        Defendants.         :
                                            :
———————————————————— x

4912-0837-2637

## I.  INTRODUCTION

Five motions were filed seeking appointment as lead plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") in this action by: (1) Indiana Public Retirement System ("INPRS"); (2) IWA-Forest Industry Pension Fund; (3) Operating Engineers Construction Industry and Miscellaneous Pension Fund (Local 66); (4) Construction Laborers Pension Trust of Greater St. Louis; and (5) Maureen Finke.  *See* ECF 17, 20, 25, 26, 31.[1]

Based on information contained in the movants' motions, INPRS is clearly the "most adequate plaintiff" within the meaning of the PSLRA.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I). Indeed, INPRS's loss of more than $2.1 million on a LIFO basis is more than ***four times*** larger than the loss claimed by IWA-Forest Industry Pension Fund (the movant claiming the next largest loss), and INPRS otherwise meets the Rule 23 typicality and adequacy requirements.  Moreover, there is, and will be, no "proof" that INPRS is inadequate or subject to unique defenses.  15 U.S.C. §78u-4(a)(3)(B)(iii)(II).  Accordingly, INPRS's motion should be granted.

## II.  ARGUMENT

### A.  INPRS Meets the PSLRA's Requirements and Should Be Appointed Lead Plaintiff

Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(iii)(I), the presumptive lead plaintiff is the movant who: "(1) has the largest financial interest in the relief sought by the class; and (2) satisfies the typicality and adequacy requirements of Rule 23."  *See West Palm Beach Firefighters Pension Fund v. Integer Holdings Corp.*, 2026 WL 734914, at *1 (S.D.N.Y. Mar. 16, 2026) (Rakoff, J.) (citing 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)).

---

[1]    INPRS's motion was timely filed pursuant to S.D.N.Y. ECF Rule 23.6.  On the night of March 23, 2026 (the lead plaintiff deadline), the Court's ECF system experienced a technical failure that prevented INPRS from completing its filing until shortly after midnight.  *See* ECF 39-1. Counsel for INPRS filed the motion as soon as the system was restored and submitted a statement explaining the interruption.  *Id.*

4912-0837-2637

In this District, while courts can consider four factors (shares purchased, net shares purchased, net funds expended, and loss) to determine the largest financial interest, "[m]ost courts agree that the largest loss is the critical ingredient in determining the largest financial interest and outweighs net shares purchased and net expenditures." *Richman v. Goldman Sachs Grp., Inc.*, 274 F.R.D. 473, 479 (S.D.N.Y. 2011); *see also West Palm Beach Firefighters*, 2026 WL 734914, at *1 (looking to claimed loss as proxy for financial interest).

Here, however, INPRS possesses a larger financial interest than every other movant under *each of the four factors* considered by courts.

| MOVANT | SHARES PURCHASED | NET SHARES PURCHASED | NET FUNDS EXPENDED | CLAIMED LOSS |
|---|---|---|---|---|
| INPRS | 83,616 | 57,896 | $4,252,393 | **$2,167,127** |
| IWA-Forest Industry Pension Plan | 17,974 | 19,974 | $1,119,398 | $461,370 |
| Operating Engineers Construction Industry and Miscellaneous Pension Fund (Local 66) (*non-opposition*) | 8,602 | 8,602 | $512,665 | $197,826 |
| Construction Laborers Pension Trust of Greater St. Louis (*withdrawn*) | 8,580 | 0 | $152,325 | $152,325 |
| Maureen Fink (*withdrawn*) | 3,680 | 3,680 | $238,929 | $104,212 |

There can be no legitimate dispute, then, that INPRS possesses the "largest financial interest" in this litigation.

Aside from having the largest financial interest, the PSLRA requires that, to be designated the presumptively most adequate plaintiff, INPRS must also "otherwise satisf[y] the requirements of Rule 23." 15 U.S.C. §78u-4(a)(3)(B)(iii)(cc). Here, there can be no question that INPRS satisfies this requirement. *See* ECF 32 at 4-6. Indeed, as an institutional investor with experience serving as

4912-0837-2637

lead plaintiff, INPRS is precisely the type of sophisticated institutional investor that Congress intended to empower to lead complex securities class actions like the current action: "Both the Conference Committee Report and the Senate Report state that the purpose of the legislation was to encourage institutional investors to serve as lead plaintiff, predicting that their involvement would significantly benefit absent class members." *In re Cendant Corp. Litig.*, 264 F.3d 201, 273 (3d Cir. 2001); *see Dicker v. TuSimple Holdings, Inc.*, No. 3:22-cv-01300 (S.D. Cal.) ($189 million recovery with INPRS as lead plaintiff is largest ever PSLRA recovery in the Southern District of California); *Karinski v. Stamps.com, Inc.*, No. 2:19-cv-01828 (C.D. Cal.) ($100 million recovery with INPRS as lead plaintiff).

Because INPRS clearly has the largest financial interest and satisfies Rule 23's requirements, it is presumptively the "most adequate plaintiff."

### B.    The Presumption of "Most Adequate Plaintiff" Which Lies in Favor of INPRS Cannot Be Rebutted

The presumption in favor of INPRS "is rebutted if the presumptive lead plaintiff: (1) will not fairly and adequately protect the interests of the class; or (2) is subject to unique defenses that render such plaintiff incapable of adequately representing the class." *West Palm Beach Firefighters*, 2026 WL 734914, at *1.  In other words, "once the presumption is triggered, the question *is not* whether another movant might do a better job of protecting the interests of the class than the presumptive lead plaintiff; instead, the question is whether anyone can prove that the presumptive lead plaintiff will not do a 'fair[] and adequate[]' job." *Cendant*, 264 F.3d at 268 (citation omitted).

INPRS has made the required *prima facie* showing of typicality and adequacy. *See* ECF 32 at 4-6.  In addition, the competing lead plaintiff movants cannot present proof to rebut the presumption which lies in favor of INPRS because none exists.  INPRS also selected a law firm highly experienced in securities litigation to serve as lead counsel. *See id*. at 6-8.  Consequently, the

- 3 -

4912-0837-2637

presumption of "most adequate plaintiff," which lies in favor of INPRS cannot be rebutted.  INPRS's motion for appointment as lead plaintiff and approval of lead plaintiff's selection of lead counsel should be granted and the competing lead plaintiff motions should be denied.

## III.    CONCLUSION

INPRS is the presumptively most adequate plaintiff because it possesses the largest financial interest in the relief sought by the class and meets Rule 23's adequacy and typicality requirements. In addition, the presumption which lies in INPRS's favor cannot be rebutted.  Therefore, INPRS respectfully requests that this Court enter an order: (1) appointing INPRS to serve as Lead Plaintiff in this action; (2) approving INPRS's selection of Lead Counsel; and (3) denying the competing motions for appointment as lead plaintiff.

DATED:  April 6, 2026

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
MATHEW ANDREWS

s/ Mathew Andrews
MATHEW ANDREWS

420 Lexington Avenue, Suite 1832
New York, NY  10170
Telephone:  212/432-5100
mandrews@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com

4912-0837-2637

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS
MICHAEL ALBERT
KENNETH P. DOLITSKY
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
dmyers@rgrdlaw.com
malbert@rgrdlaw.com
kdolitsky@rgrdlaw.com

Proposed Lead Counsel for Proposed Lead Plaintiff

## CERTIFICATE OF WORD COUNT

I hereby certify that the foregoing memorandum of law complies with the formatting and word-count limitations pursuant to Rule 7.1(c) of the United States District Court for the Southern District of New York as it contains 994 words.

s/ Mathew Andrews
MATHEW ANDREWS

- 5 -

4912-0837-2637