**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DANIL DENHA, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>BELLRING BRANDS, INC., DARCY HORN DAVENPORT and PAUL RODE,<br><br>　　　　　　Defendants. | Civ. A. No. 1:26-cv-00575-JSR |

**MEMORANDUM OF LAW IN OPPOSITION TO THE COMPETING MOTION AND IN FURTHER SUPPORT OF THE MOTION OF THE TRUSTEES OF THE IWA-FOREST INDUSTRY PENSION PLAN FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF ITS SELECTION OF LEAD COUNSEL**

## **TABLE OF CONTENTS**

**Page(s)**

TABLE OF AUTHORITIES ..................................................................................................... ii

I.     PRELIMINARY STATEMENT ................................................................................... 1

II.    IWA-Forest Is the Most Adequate Timely-Filed Plaintiff and the Presumptive Lead Plaintiff ............................................................................................................... 2

      A.    IWA-Forest Has the Largest Financial Interest of any Lead Plaintiff Movant Who Timely Moved, Under All Relevant Factors ................................... 2

      B.    IWA-Forest Has Made the Required Showing That It Is Qualified Under Rule 23 ............................................................................................................... 3

III.   INPRS' Motion Should be Denied ............................................................................... 5

      A.    INPRS Filed After the 60-Day Deadline Expired...................................................... 6

      B.    INPRS Admits That Its Filing Was Untimely ........................................................ 9

IV.   CONCLUSION............................................................................................................ 11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Born v. Quad/Graphics, Inc.*,
No. 19-CV-10376 (VEC), 2020 WL 994427 (S.D.N.Y. Mar. 2, 2020) .................................. 3, 4

*City of Warren Police & Fire Ret. Sys. v. World Wrestling Ent. Inc.*,
No. 20-CV-2031 (JSR), 2020 WL 2614703 (S.D.N.Y. May 22, 2020) .................................... 5

*Goldenberg v. NeoGenomics, Inc.*,
No. 22 Civ. 10314 (JHR), 2023 WL 6389101 (S.D.N.Y Oct. 2, 2023)............................. 2, 3, 4

*Gronich v. Omega Healthcare Inv'rs, Inc.*,
No. 17 Civ 9024 (NRB), 2018 WL 1626078 (S.D.N.Y. Mar. 27, 2018)................................... 3

*Gutman v. Sillerman*,
No. 15 CIV. 7192 (CM), 2015 WL 13791788 (S.D.N.Y. Dec. 8, 2015)................................... 8

*In re NYSE Specialists Sec. Litig.*,
240 F.R.D. 128 (S.D.N.Y. 2007) ............................................................................................. 6

*In re Razorfish, Inc. Sec. Litig.*,
143 F. Supp. 2d 304 (S.D.N.Y. 2001)...................................................................................... 8

*In re Sands*,
328 B.R. 614 (Bankr. N.D.N.Y. 2005) .............................................................................. 10, 11

*In re Telxon Corp., Sec. Litig.*,
67 F. Supp. 2d 803 (N.D. Ohio 1999)................................................................................... 5, 7

*In re XM Satellite Radio Holdings Sec. Litig.*,
237 F.R.D. 13 (D.D.C. 2006)................................................................................................... 7

*Kaplan v. Gelfond*,
240 F.R.D. 88 (S.D.N.Y. 2007) ............................................................................................... 4

*Logan v. QRx Pharma Ltd.*,
No. 15 Civ. 4868(PAE), 2015 WL 5334024 (S.D.N.Y. Sept. 14, 2015)................................... 4

*N.Y. Times Co. v. U.S. Dep't of Homeland Sec.*,
959 F. Supp. 2d 449 (S.D.N.Y. 2013)................................................................................... 11

*Nayani v. LifeStance Health Grp., Inc.*,
641 F. Supp. 3d 57 (S.D.N.Y. 2022)................................................................................... 2, 8

*Oklahoma L. Enf't Ret. Sys. v. Adeptus Health Inc.*,
No. 4:17-CV-00449, 2017 WL 3780164 (E.D. Tex. Aug. 31, 2017) ......................................... 7

*Peters v. Jinkosolar Holding Co.*,
No. 11 CIV. 7133 JPO, 2012 WL 946875 (S.D.N.Y. Mar. 19, 2012) ....................................... 8

*Reitan v. China Mobile Games & Ent. Grp., Ltd.*,
68 F. Supp. 3d 390 (S.D.N.Y. 2014) ....................................................................................... 8

*Rozenboom v. Van Der Moolen Holding*, N.V.,
No. 03 Civ. 8284 (RWS), 2004 WL 816440 (S.D.N.Y. Apr. 14, 2004) .................................... 8

*Schaffer v. Horizon Pharma PLC*,
No. 16-CV-1763 (JMF), 2016 WL 3566238 (S.D.N.Y. June 27, 2016) .................................... 5

*Skwortz v. Crayfish Co.*,
No. 00 Civ. 6766(DAB), 2001 WL 1160745 (S.D.N.Y. Sept. 28, 2001) .................................. 6

*Switzenbaum v. Orbital Sciences Corp.*,
187 F.R.D. 246 (E.D. Va. 1999) .............................................................................................. 7

*Topping v. Deloitte Touche Tohmatsu CPA*,
95 F. Supp. 3d 607 (S.D.N.Y. 2015) ....................................................................................... 5

*Varghese v. China Shenguo Pharm. Holdings, Inc.*,
589 F. Supp. 2d 388 (S.D.N.Y. 2008) ..................................................................................... 2

**Statutes**

15 U.S.C. § 78u-4(a) ................................................................................................... *passim*

**Rules**

Fed. R. Civ. P. 23 ..................................................................................................... 2, 3, 4

Proposed Lead Plaintiff The Trustees of the IWA-Forest Industry Pension Plan ("IWA-Forest") respectfully submits this Memorandum of Law in Opposition to the Competing Motion and in Further Support of the Motion of The Trustees of the IWA-Forest Industry Pension Plan for Appointment as Lead Plaintiff and Approval of its Selection of Lead Counsel filed pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA").

## I.    PRELIMINARY STATEMENT

Presently pending before the Court in the above-captioned Action (the "Action"), IWA-Forest is the only timely-filed movant for lead plaintiff appointment (ECF Nos. 17, 19, 21, 23) under the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the PSLRA, 15 U.S.C. § 78u-4(a)(3)(B).[1] Indiana Public Retirement System ("INPRS") (ECF Nos. 31-4) filed a motion that did not satisfy the PSLRA's requirement that all motions be filed within 60 days. INPRS filed its motion for lead plaintiff the day after the lead plaintiff deadline expired, on March 24, 2026, instead of March 23, 2026, as evidenced by each of their filings (ECF Nos. 31-4). INPRS itself admitted to the Court that its filing was late (ECF No. 39). This Court should refuse to consider INPRS for appointment as lead plaintiff as this alone renders it ineligible for lead plaintiff appointment. INPRS' and counsel's claim that technical difficulties impeded the ability to file a timely motion is belied by the fact that four other movants were able to timely file a motion for lead plaintiff. Accordingly, IWA-Forest is the only movant in contention for lead plaintiff appointment. INPRS' untimely filing also raises questions as to whether it can effectively oversee the number cases in which it is currently a Court-appointed lead plaintiff.

---

[1] Unless otherwise stated, citations to "ECF No. __" refer to docket entries in the Action. On March 26, 2026, Operating Engineers Construction Industry and Miscellaneous Pension Fund filed a notice of non-opposition. ECF No. 26. On April 2, 2026, Construction Laborers Pension Trust of Greater St. Louis filed a notice of withdrawal. ECF No. 40. On April 6, 2026, Maureen Finke filed a notice of withdrawal. ECF No. 43.

While it has effectively served as a lead plaintiff in the past, IWA-Forest is not currently serving as a lead plaintiff in any case. IWA-Forest is presumptively "the most adequate plaintiff" because it is the only remaining timely movant, and it has the "largest financial interest" of the eligible movants that originally timely filed within the PSLRA's 60-day statutory motion deadline. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). IWA-Forest incurred a loss of $461,370 based on its purchases of BellRing Brands, Inc. ("BellRing" or the "Company") securities during the Class Period.

IWA-Forest also satisfies the typicality and adequacy prerequisites for lead plaintiff appointment set out in Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). IWA-Forest's claims are typical of other class members' claims and there is no question as to adequacy, as IWA-Forest has to date demonstrated the ability to responsibly and efficiently direct the litigation on behalf of the class.

For these reasons, it would be in the best interests of the class to appoint IWA-Forest as lead plaintiff.

## II.    IWA-Forest Is the Most Adequate Timely-Filed Plaintiff and the Presumptive Lead Plaintiff

### A.    IWA-Forest Has the Largest Financial Interest of any Lead Plaintiff Movant Who Timely Moved, Under All Relevant Factors

To determine which lead plaintiff-movant has the largest financial interest, Courts in this District have looked to four factors "(1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered." *Nayani v. LifeStance Health Grp., Inc.*, 641 F. Supp. 3d 57, 61-62 (S.D.N.Y. 2022) (Rakoff, J) (internal citations omitted); *see also Goldenberg v. NeoGenomics, Inc.*, No. 22 Civ. 10314 (JHR), 2023 WL 6389101, at *3 (S.D.N.Y Oct. 2, 2023); *Varghese v. China Shenguo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388,

394-95 (S.D.N.Y. 2008).

IWA-Forest has a significantly greater financial interest than the three movants that timely moved and filed a non-opposition or withdrawal with respect to their lead plaintiff motions. Operating Engineers Construction Industry and Miscellaneous Pension Fund alleged a loss of $197,827. (ECF Nos. 26, 28, 36). Construction Laborers Pension Trust of Greater St. Louis alleged a loss of $152,325. (ECF Nos. 25, 27, 29). Maureen Finke alleged a loss of $104,213. (ECF Nos. 20, 22, 24). Accordingly, IWA-Forest has the "largest financial interest."

### B. IWA-Forest Has Made the Required Showing That It Is Qualified Under Rule 23

IWA-Forest has filed a timely motion for lead plaintiff and has demonstrated its willingness to serve as and assume the responsibilities of a lead plaintiff. *See* IWA-Forest's sworn certification pursuant to the Private Securities Litigation Reform Act of 1995, dated March 18, 2026, ECF No. 21-2. At this stage of the litigation, only a preliminary showing of typicality and adequacy is required. *See Goldenberg*, 2023 WL 6389101, at *3; *Gronich v. Omega Healthcare Inv'rs, Inc.*, No. 17 Civ. 9024 (NRB), 2018 WL 1626078, at *3 (S.D.N.Y. Mar. 27, 2018).

The typicality requirement of Rule 23(a) is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability. *See Goldenberg*, 2023 WL 6389101, at *4; *Born v. Quad/Graphics, Inc.*, No. 19-CV-10376 (VEC), 2020 WL 994427, at *2 (S.D.N.Y. Mar. 2, 2020). The claims asserted by IWA-Forest are based on the same legal theory and arise out of the same course of events as the other purported class members' claims. IWA-Forest purchased shares of BellRing, as did each member of the proposed class, at prices artificially inflated by Defendants' allegedly false and misleading statements and was damaged thereby. *See Goldenberg*, 2023 WL 6389101, at *4 (finding typicality requirement met where movants' claims and injuries arose from same conduct

3

from which other class members' claims and injuries arose); *Logan v. QRx Pharma Ltd.*, No. 15 Civ. 4868(PAE), 2015 WL 5334024, at *3 (S.D.N.Y. Sept. 14, 2015) (same). Thus, IWA-Forest satisfies the typicality requirement of Rule 23(a).

As to adequacy, under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). A lead plaintiff is adequate when: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy. *See Goldenberg*, 2023 WL 6389101, at *4; *Born*, 2020 WL 994427, at *2 (citing *Kaplan v. Gelfond*, 240 F.R.D. 88, 94 (S.D.N.Y. 2007)). Here, IWA-Forest's interests are aligned with the members of the proposed class, and there is no evidence of any antagonism between IWA-Forest's interests and those of the class. As detailed above and in its motion, IWA-Forest's claims raise similar questions of law and fact as claims of the members of the class, and its claims are typical of the members of the class. Moreover, it has selected Kaplan Fox & Kilsheimer LLP, a firm with significant experience in litigating securities class actions, as its counsel. *See* ECF No. 21-4 (Kaplan Fox firm resume).

Accordingly, IWA-Forest is the "most adequate plaintiff" because it has complied with the PSLRA procedural requirements, it has the largest financial interest, and is qualified under Rule 23. IWA-Forest's status as the presumptively most adequate plaintiff may be rebutted only upon proof by a member of the purported class that it "(aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render [IWA-Forest] incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). No such proof exists. IWA-Forest should therefore be appointed lead plaintiff.

### III.    INPRS' Motion Should be Denied

INPRS' late filing precludes its consideration as lead plaintiff. Under the PSLRA, any purported class member may move to serve as lead plaintiff "not later than 60 days after the date on which the notice [advising purported class members of the pendency of the action] is published." 15 U.S.C. § 78u-4(a)(3)(A)(i)(II). The PSLRA is "unequivocal and allows for no exceptions," requiring all motions for lead plaintiff to be filed within the 60-day period. *See Topping v. Deloitte Touche Tohmatsu CPA*, 95 F. Supp. 3d 607, 619 (S.D.N.Y. 2015) (citing *In re Telxon Corp., Sec. Litig.*, 67 F. Supp. 2d 803, 818 (N.D. Ohio 1999). Because INPRS did not file its motion for lead plaintiff within the 60-day time frame mandated by the PSLRA, its motion must be precluded. INPRS admits that its late filing was due to filing at the last minute. *See* ECF No. 39 (Declaration of Mathew Andrews (the "Andrews Declaration")). Taking a risk of a last minute filing should not be indulged, or rewarded, by the Court when it backfires. Further, as indicated in INPRS' Certification, ECF No. 33-2, INPRS has moved for lead plaintiff in nine separate cases in the last three years, and has been appointed lead plaintiff in seven separate cases.[2] While such service alone may not be per se disqualifying, when considered with INPRS' late filing here, it fairly raises the question of whether INPRS is overextended and can effectively oversee yet another case. Such overextension raises a "non-speculative risk" that the movant will not be an adequate representative of the class. *See Schaffer v. Horizon Pharma PLC*, No. 16-CV-1763 (JMF), 2016 WL 3566238, *3 (S.D.N.Y. June 27, 2016); *see also City of Warren Police & Fire*

---

[2] These actions include *Henry v. Futu Holdings Ltd.*, No. 2:23-cv-03222 (D.N.J.), *Lemm v. New York Cmty. Bancorp*, No. 1:24-cv-00903 (E.D.N.Y.), *In re Agilon Health, Inc. Sec. Litig.*, No. 1:24-cv-00297 (W.D. Tex.), *Roofers Local No. 149 Pension Fund v. GSK plc*, No. 2:25-cv-00618 (E.D. Pa.), *City of St. Clair Shores Police and Fire Ret. Sys. v. Lineage, Inc.*, No. 2:25-cv-12383 (E.D. Mich.) (the "*Lineage* Action"), *In re Lantheus Holdings, Inc. Sec. Litig.*, No. 1:25-cv-07491 (S.D.N.Y.) (the "*Lantheus* Action"), *In re Inspire Medical Sys., Inc. Sec. Litig.*, No. 1:25-cv-10620 (S.D.N.Y.) (the "*Inspire* Action"), *Indiana Public Ret. Sys. v. Rivian Auto., Inc.*, No. 2:24-cv-04566 (C.D. Cal.), *Cap v. CarMax*, Inc., No. 1:25-cv-03602 (D. Md.).

*Ret. Sys. v. World Wrestling Ent. Inc.*, No. 20-CV-2031 (JSR), 2020 WL 2614703, *2 (S.D.N.Y. May 22, 2020) (Rakoff, J) (stating candidate for lead plaintiff may be denied where putative class member "provides 'proof,' or evidence 'of a non-speculative risk' that the movant will not be adequate.'"). Because INPRS' motion is untimely, and IWA-Forest can otherwise adequately represent the interests of the class, INPRS' motion should be denied.

### A.    INPRS Filed After the 60-Day Deadline Expired

Irrespective of the size of INPRS' losses, INPRS filed its motion late. The PSLRA has strict requirements of filing within 60 days. INPRS did not file within the statutory time frame, and its motion must be rejected as untimely and ineligible for consideration.

Under the PSLRA, any purported class member may move to serve as lead plaintiff "not later than 60 days after the date on which the notice [advising purported class members of the pendency of the action] is published." 15 U.S.C. § 78u-4(a)(3)(A)(i)(II).

In *Skwortz v. Crayfish Co.* the court stated that "[t]he 60 day period the statute provides for the submission of lead counsel motions is mandatory." *Skwortz v. Crayfish Co.*, No. 00 Civ. 6766(DAB), 2001 WL 1160745, *5 (S.D.N.Y. Sept. 28, 2001), *reconsideration granted sub nom. In re Crayfish Co. Sec. Litig.*, No. 00 Civ.6766 (DAB), 2002 WL 1268013 (S.D.N.Y. June 6, 2002). In *Skwortz*, plaintiffs' motion was filed on November 8, 2000 when the filing deadline was November 7, 2000. *Id.* at *4. Despite the day difference, the court found that plaintiffs' tardiness was disqualifying. *Id.* at *5. This was because, "an untimely motion has the effect of preventing the proposed [lead plaintiff] from satisfying the first requirement of the most adequate plaintiff presumption." *Id.*; *see also In re NYSE Specialists Sec. Litig.*, 240 F.R.D. 128, 142-43 (S.D.N.Y. 2007) (citing *Skwortz*, 2001 WL 1160745, at *5, and stating "courts have strictly construed this time limitation and found those motions for appointment as lead plaintiff filed outside of the sixty-day window to generally be time-barred."). While the court in *Skwortz* later

6

granted plaintiffs' motion to reconsider after showing that November 7, 2000 was a legal holiday and that its motion was, in fact, timely filed, the court's analysis of the statutory 60-day deadline and statement that the deadline is mandatory is consistent with the PSLRA.

Similarly, courts outside this District have found that the PSLRA's filing deadlines must be strictly enforced without exception. *See e.g.*, *Oklahoma L. Enf't Ret. Sys. v. Adeptus Health Inc.*, No. 4:17-CV-00449, 2017 WL 3780164, *3 (E.D. Tex. Aug. 31, 2017) ("[C]ompliance with the procedural requirements of the PSLRA is mandatory and should be strictly enforced."); *In re XM Satellite Radio Holdings Sec. Litig.*, 237 F.R.D. 13, 17 (D.D.C. 2006) (stating plain language of statute precludes lead plaintiff motion filed outside of the 60-day period); *Telxon Corp.*, 67 F. Supp. 2d at 818 ("The PSLRA is unequivocal and allows for no exceptions. All motions for lead plaintiff must be filed within sixty (60) days of the published notice for the first-filed action. The plain language of the statute precludes consideration of a financial loss asserted for the first time in a complaint, or any other pleading, for that matter, filed *after* the sixty (60) day window has closed.") (emphasis in original); *Switzenbaum v. Orbital Sciences Corp.*, 187 F.R.D. 246, 249-50 (E.D. Va. 1999) (stating that to be considered for lead plaintiff person must either file complaint or make timely motion, and concluding that since the interested plaintiff "never filed a complaint himself or moved for appointment within the time that the PSLRA requires of those who hope to become the Lead Plaintiff" he could not be considered individually or as part of group who had filed timely motion).

INPRS should not be excused for its decision to gamble, attempting to file at the absolute last minute. *See* ECF No. 39 (Declaration of Mathew Andrews, dated April 2, 2026, Ex. 1. (ECF No. 39-1), Statement of Kenneth P. Dolitsky Pursuant to S.D.N.Y Electronic Case Filing Rule 23.6 (the "Dolitsky statement")). "A principal purpose of the PSLRA was to prevent just the kind of

gamesmanship in which [INPRS] and its counsel have engaged here, by putting everyone who wanted lead plaintiff status on an equal footing, with a decision to be made on the merits and under *a strict timetable*." *Gutman v. Sillerman*, No. 15 CIV. 7192 (CM), 2015 WL 13791788, at *3 (S.D.N.Y. Dec. 8, 2015) (emphasis added). When plaintiff-movants violate the PSLRA's 60-day time limitation, the motion is "an untimely motion for lead plaintiff status – it must be and is denied simply because it is untimely." *Id*. Because INPRS failed to file **any** motion inside of the 60-day window, "it is statutorily barred from being lead plaintiff." *Id*.[3]

One of the PSLRA's principal purposes is to prevent gamesmanship and ensure the interests of the class are adequately met. *See Gutman*, 2015 WL 13791788, at *3; *see also Nayani*, 641 F. Supp. 3d at 65. Thus, it is necessary for the court to ensure a lead plaintiff can "act like a 'real' client, carefully choosing counsel and monitoring counsel's performance to make sure that adequate representation [i]s delivered at a reasonable price." *In re Razorfish, Inc. Sec. Litig.*, 143 F. Supp. 2d 304, 307 (S.D.N.Y. 2001) (Rakoff, J.).

As evidenced by INPRS' late filing, it is fair to question whether INPRS has so many ongoing matters as lead plaintiff that it is overextended and unable to "monitor[] counsel's performance to make sure that adequate representation [i]s delivered at a reasonable price." *Id.* Further, INPRS has been appointed lead plaintiff on pending actions three times within the last four months. *See* ECF No. 33-2 (Certification of INPRS); *see also Lantheus* Action, ECF No. 25

---

[3] To the extent that courts in this District allow an untimely lead plaintiff motion, it is only in the narrow circumstances where the late filing was subsequent to a timely filing. *Reitan v. China Mobile Games & Ent. Grp., Ltd.*, 68 F. Supp. 3d 390, 397 (S.D.N.Y. 2014); *see also Peters v. Jinkosolar Holding Co.*, No. 11 CIV. 7133 JPO, 2012 WL 946875, at *9 (S.D.N.Y. Mar. 19, 2012) (noting that movants "had previously filed a timely motion"); *Rozenboom v. Van Der Moolen Holding*, N.V., No. 03 Civ. 8284 (RWS), 2004 WL 816440, at *2 (S.D.N.Y. Apr. 14, 2004) (stating that movants timely filed their initial lead plaintiff motions on December 19, 2003, after notice of the suit was published on October 20, 2003). Here, INPRS' motion falls at the first hurdle, a timely motion was not filed previously.

(Stipulation and Order Granting Motions for Consolidation and Appointing Lead Plaintiff and Lead Counsel), Exhibit A to Declaration of Jeffrey P. Campisi in Support of the Memorandum of Law in Opposition to Competing Motions and in Further Support of The Motion of The Trustees of the IWA-Forest Industry Pension Plan for Appointment as Lead Plaintiff and Approval of its Selection of Lead Counsel, dated April 6, 2026 ("4/6 Campisi Decl."); *Lineage* Action, ECF No. 38 (Order Granting the Pension Funds' Motion for Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel), Exhibit B to 4/6 Campisi Decl.; *Inspire* Action, ECF No. 27 (Opinion and Order), Exhibit C to 4/6 Campisi Decl. It is inauspicious that in its first attempt since taking multiple representative roles in a short period of time, INPRS has missed its first statutory deadline in the Action. Given the intensive nature of the initial stages of a class action, and a lead plaintiff's role as a fiduciary for the class, INPRS' lack of oversight raises serious concerns that its appointment would not be in the best interests of the class.

In contrast, movant IWA-Forest filed its motion in a timely matter and, like INPRS, is also a sophisticated institutional investor. IWA-Forest is precisely the type of lead plaintiff that Congress sought to summon and empower when it enacted the PSLRA. The Court is able to further the goals of the statute by providing adequate representation for the class, while avoiding the risks associated with juggling too many matters at once. As evidenced in its certification, *see* ECF No. 21-2 (Sworn Certification of IWA-Forest), while IWA-Forest has successfully served as lead plaintiff in the past, it is not currently serving as a lead plaintiff, allowing IWA-Forest to focus on zealously advocating for the class.

B.    **INPRS Admits That Its Filing Was Untimely**

INPRS admitted that "Indiana Public Retirement System's Motion for Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel (the "Motion") [was] technically filed

9

after 12:00 a.m. on March 24, 2026." Dolitsky Statement, ¶1. With only minutes to spare, INPRS first attempted to file its motion sometime around 11:30 p.m. *Id.* ¶2. Importantly by 11:28 p.m., the time INPRS notes that it first encountered "technical difficulties," the four other original movants had already filed their motions. *Id.* INPRS and its counsel took the risk of waiting to the last minute to file the motion and should not be rewarded when such risk caused them to miss the statutory deadline.

INPRS cites S.D.N.Y. ECF Rule 23.6 in support of its filing, yet as the rule provides, a party filing late must "attach a statement to [their] filing explaining how the interruption in service prevented [them] from filing in a timely fashion." S.D.N.Y. ECF Rule 23.6. Here, there was no attachment explaining what prevented INPRS from filing in a timely fashion. Instead, over a week later, INPRS seeks the Court's indulgence to accept its untimely filing and says "[w]e apologize for this delay, which was caused entirely by a technical failure beyond our control" even though the situation was clearly within its control. Dolitsky Statement, ¶10. Not only did INPRS file its motion papers in an untimely manner, it filed its explanation for its untimeliness in an untimely manner. INPRS' late filings are evidence of an inability to monitor counsel.

In *In re Sands*, 328 B.R. 614 (Bankr. N.D.N.Y. 2005), the Northern District explained that "[i]t is incumbent on the [movant] to show that the clerk's office was subject to a CM/ECF system failure." *Id.* at 619. Counsel has a myriad of options to notify the court when confronted with issues on the ECF system. "[C]ounsel could submit proof that the problems at the clerk's office prevented the filing of the petition." *Id.* Such as "call[ing] the clerk's office when this happens" and ask[ing] the representative [at the clerk's office] to confirm that the CM/ECF system is not accessible or otherwise delayed. *Id.* As Counsel undoubtedly should know, "[t]he clerk's office will make suitable arrangements to accommodate the filing." *Id.* INPRS has not offered any suggestion that

10

it communicated *anything* to the Court before, during, or immediately after its untimely filing. Problems "occurring in counsel's office, such as a poor Internet connection or a hardware problem, will not excuse a [movant's] untimely filing." *Id.*; *see also N.Y. Times Co. v. U.S. Dep't of Homeland Sec.*, 959 F. Supp. 2d 449, 458-59 (S.D.N.Y. 2013) ("[f]iling deadlines must be consistently enforced for the greater good. There is no exception for a filer's carelessness," especially when the filer "waited to file until the eleventh hour to file[.]")

## IV.    CONCLUSION

For the reasons set forth in its motion and set forth above, IWA-Forest respectfully requests that the Court grant its motion and deny the competing motion.

Dated: April 6, 2026

Respectfully submitted,

*/s/ Jeffrey P. Campisi*
Jeffrey P. Campisi
Frederic S. Fox
Donald R. Hall
Pamela A. Mayer
**KAPLAN FOX & KILSHEIMER LLP**
800 Third Avenue, 38th Floor
New York, NY 10022
Telephone: (212) 687-1980
Facsimile: (212) 687-7714
ffox@kaplanfox.com
dhall@kaplanfox.com
jcampisi@kaplanfox.com
pmayer@kaplanfox.com

*Attorneys for Movant The Trustees of the IWA-Forest Industry Pension Plan and Proposed Lead Counsel for the Class*

11

**CERTIFICATE OF COMPLIANCE**

I certify that this memorandum of law contains 3,589 words and complies with the type-volume limitation of Local Civil Rule 7.1(c) of the Local Rules of United States District Courts for the Southern and Eastern District of New York, dated January 2, 2026, and the Individual Practices in Civil Cases of the Hon. Jed S Rakoff, United States District Judge. I also certify that this brief complies with the typeface and type style requirements of Local Civil Rule 7.1(b)(1)(2)(3).

*/s/ Jeffrey P. Campisi*
Jeffrey P. Campisi

**CERTIFICATE OF SERVICE**

I, Jeffrey P. Campisi, hereby certify that, on April 6, 2026, I caused the foregoing to be served on all counsel of record by filing the same with the Court using the CM/ECF system which will send electronic notices of the filing to all counsel of record.

*/s/ Jeffrey P. Campisi*
Jeffrey P. Campisi
