**Robbins Geller**
**Rudman & Dowd LLP**

| Chicago | Melville | Nashville | San Diego | Wilmington |
|---|---|---|---|---|
| Boca Raton | Manhattan | Philadelphia | San Francisco | Washington, D.C. |

April 9, 2026

VIA ECF
Hon. Jed S. Rakoff
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, NY 10007

Re:     *Denha v. BellRing Brands, Inc.* No. 1:26-cv-00575-JSR

Dear Judge Rakoff:

The Court's investigation has uncovered clear proof that ECF had "intermittent connectivity issues with PACER on March 23rd which impacted some users." Counsel for Indiana Public Retirement System ("INPRS") was one such user. Counsel has submitted a declaration under penalty of perjury that ECF *connectivity* errors prevented four separate attorneys from filing INPRS' lead plaintiff motion before the deadline. If the Court has any doubts, counsel is prepared to file affidavits from each of the remaining three attorneys in addition to the current affidavit from Kenneth Dolitsky.

The Second Circuit's decision in *Phoenix Glob. Ventures, LLC v. Phoenix Hotel Assocs., Ltd.*, 422 F.3d 72 (2d Cir. 2005) is controlling and shows that your Honor should excuse the six-minute tardiness in INPRS' filing. There, the plaintiff attempted to challenge removal from state to federal court. *Id.* at 75. Under 28 U.S.C. § 1447(c), the plaintiff had 30 days to file and the deadline was "plainly mandatory." *Id.* The plaintiff attempted to file on the last day. *Id.* ECF rejected the plaintiff's first attempt because his exhibits were too large. *Id.* The plaintiff corrected this error and made a second attempt, and "was assured" that the filing was successful. *Id.* The next day, the plaintiff learned that ECF rejected his filing due to an invalid hearing date. *Id.* Plaintiff attempted again and succeeded. *Id.* On appeal, there was no dispute that the plaintiff's "first two attempts to file the remand motion were within the deadline, but his third, successful attempt was not." *Id.* Plaintiff's "sole argument on appeal [was] that the district court's decision to excuse this failure was within its inherent power to waive compliance with the court's local rules." *Id.*

The Second Circuit agreed that the motion was timely. The Court found that "if a district court has inherent authority to waive its local rules, which have the 'force of law,' then *a fortiori* it has the inherent authority to waive quirks of its procedural mechanisms, which do not even rise to the level of legal requirements." *Id.* at 76 (quoting *Whitfield v. Scully*, 241 F.3d 264, 270 (2d Cir. 2001)). Courts may thus "deem the motion made at the time when, but for this noncompliance, the motion would have been made." *Id.* The district court further properly excused the tardy motion because (1) "[i]t is uncontested and obvious that the notice of removal suffered from procedural defects," (2) [w]hile [plaintiff] may have been unwise to wait until the last day to file via an unfamiliar ECF system, he was within his rights to do so," and (3) defendants "have never identified any prejudice arising from the one-day delay." *Id.* The Court additionally rejected defendants' argument that "there was no evidence corroborating [plaintiff's] attempt to file." *Id.*

420 Lexington Avenue, Suite 1832   New York, NY 10170   Tel 212-432-5100   Fax 212-432-5100   rgrdlaw.com

**Robbins Geller**
**Rudman & Dowd** LLP

April 9, 2026
Page 2

Plaintiff "submitted a statement that affirmed his account to be true on penalty of perjury," and the "district court credited this account." *Id.*

The same principles apply here. There is no dispute that INPRS is the presumptive lead plaintiff because it suffered the greatest loss and meets the Rule 23 typicality and adequacy requirements. There is no dispute that IWA-Forest Industry Pension Fund ("IWA") has suffered no prejudice from the 6-minute tardiness in filing. Indeed, IWA's counsel waited until 10:18pm to file their own motion and until 10:26pm to file their memorandum of law. There is no dispute that ECF had "intermittent connectivity issues with PACER on March 23rd which impacted some users." And there is no dispute that those connectivity issues prevented counsel from filing. Counsel submitted an affidavit under penalty of perjury, the affidavit sets forth counsel's attempts to file within the 60-day deadline, counsel specifically experienced *connectivity errors* – "This site can't be reached" and "The connection was reset," the affiant has testified under oath, and there is no evidence that the affiant (a bar-certified attorney) perjured himself in response to your Honor's questioning.

Indeed, multiple courts have excused tardiness resulting from ECF errors relying on the principles set forth in *Phoenix Glob. Ventures. See, e.g.*, *Bisesto v. Uher*, 2019 WL 2537452, at *5 (S.D.N.Y. June 20, 2019) (excusing tardiness where plaintiff filed an affidavit stating "she filed a day late . . . only because of technical difficulties with PACER" and "Defendant has identified no undue prejudice from the one-day delay caused by the PACER issues"); *Finocchiaro v. NQ Mobile, Inc.*, 2016 WL 7031613, at *3 (S.D.N.Y. Dec. 1, 2016) (excusing tardiness relating to lead plaintiff motion filed one day late where counsel faxed a notice to the court explaining that he "had repeatedly tried to file the brief . . . but had experienced technical problems.").

As the Court noted during the April 8, 2026 hearing, counsel in prior matters have attempted to manipulate their client's loss numbers when other prospective plaintiffs have filed their motions too early. *See In re Petrobras Sec. Litig.*, 104 F. Supp. 3d 618 (S.D.N.Y. 2015). This is to the detriment of the class given that the PSLRA presumes that the plaintiff with the *true* greatest loss is the most adequate to represent all others. This is what counsel for INPRS sought to avoid, and is why plaintiffs (including IWA) generally file close to the deadline.

For the foregoing reasons, INPRS respectfully requests that the Court appoint INPRS as lead plaintiff and approve INPRS' selection of lead counsel.

Respectfully submitted,

/s/

MATHEW ANDREWS

4899-4871-3826