**KAPLAN FOX**

Donald R. Hall
800 Third Avenue, 38th Floor
New York, NY 10022
Telephone: 212.687.1980
Fax: 212.687.7714
Email: dhall@kaplanfox.com

<u>VIA ECF</u>
April 9, 2026
Hon. Jed S. Rakoff
500 Pearl Street, Courtroom 14B
New York, NY 10007

**Re:** ***Denha v. BellRing Brands, Inc., et al.*,**
**Case No. 1:26-cv-00575-JSR**

Your Honor,

This letter addresses counsel for Indiana Public Retirement System's ("INPRS") representation to the Court that the Second Circuit's decision in *Phoenix Glob. Ventures, LLC v. Phoenix Hotel Assocs.*, Ltd., 422 F.3d 72, 76-7 (2d Cir. 2005) gives the Court discretion to consider INPRS' motion timely despite being filed after the statutory deadline. *Phoenix* notably does not support this interpretation because the facts were not analogous. The issues raised in *Phoenix* did not concern an "ECF error" or the ECF system being "out of order," as mentioned by counsel for INPRS, and its holding is much narrower than originally suggested. The issues in Phoenix were caused by common, innocent filing errors. Not so here.

It did not take long for the Court to uncover the real reason that INPRS waited until 11:28 to attempt to file its motion; a blatant lawyer-driven strategy to vanquish ghosts of past lead plaintiff motions. This is exactly the type of lawyer-driven conduct the PSLRA was designed to prevent. Knowing these facts, allowing INPRS' admittedly late filed motion is harmful to the integrity of the lead plaintiff process. It is also highly prejudicial to IWA-Forest as it complied with the statutory deadline and, having done nothing wrong, would be denied its legal rights under the PSLRA in favor of another party who failed in its lawyer-driven attempt to gain advantage. This Court should not countenance such actions.

In *Phoenix,* the filer did not miss a deadline, rather an ECF rule deemed the timely filing improper. Further, the filer in *Phoenix* did what should have been done here, by starting the filing early enough to ensure they could catch the mistakes until it was successful. The filer did not wait until 11:30PM to file and then miss the deadline. There, the movant filed a timely motion and "was assured" on his second attempt **on the afternoon** of the deadline that it had been accepted. *Id.* at 74; *see also Phoenix Glob. Ventures, Inc. v. Phoenix Hotel Assocs., Ltd.,* No. 04 CIV. 4991RJH, 2004 WL 2360033, at *2 (S.D.N.Y. Oct. 19, 2004) (the underlying case). On the first attempt, "the Southern District's electronic case filing system rejected his filing because his exhibits were too large." *Phoenix*, 422 F.3d at 74. Still within the statutory period, the movant "corrected this error and made a second attempt, upon which he "was assured" that the filing was successful." *Id.* Ultimately, the filer was forced to file a third time outside the deadline because the ECF system later rejected the second filing due to an error in the hearing date. *Id.* at 74, 76.

1



Donald R. Hall
800 Third Avenue, 38th Floor
New York, NY 10022
Telephone: 212.687.1980
Fax: 212.687.7714
Email: dhall@kaplanfox.com

The Second Circuit's decision in *Phoenix* was based on the fact that the filing was made on the afternoon of the deadline and rejected only due to noncompliance with the technical requirements of the ECF system. In other words, the error in *Phoenix* was an innocent, unplanned mistake based on a specific ECF Rule. The *Phoenix* court found, in a limited holding, that the district court, "was entitled to excuse both the file size and hearing date errors." *Id.* at 76. The *Phoenix* court relaxed a local rule to allow an otherwise **timely** filed motion that was rejected on a technicality.

Here the failure to file was not caused by a rejection of the filing based on an ECF rule as in *Phoenix.* Rather the failure had everything to do with leaving too little time to file, and not getting on file in a timely manner violating the statutory requirements of the PSLRA.

Witness Dolitsky's testimony suggested INPRS' late filing was part of a purposeful strategy to file at the last minute to avoid other plaintiffs grouping their losses. This is inconsistent with his affidavit, which suggested it was for confidentiality. *See* ECF 39-1 at ¶3. This lawyer-driven strategy to secure lead plaintiff was particularly unnecessary in front of Your Honor, given your extensive case law specifically discouraging that exact practice. *See e.g. In re Razorfish, Inc. Sec. Litig.*, 143 F. Supp. 2d 304, 308-9 (S.D.N.Y. 2001) (Rakoff, J)*; In re Petrobras Sec. Litig.,* 104 F. Supp. 3d 618, 622 (S.D.N.Y. 2015) (Rakoff, J).

The effect of INPRS' late filing is anything but *de minimis*. If accepted, INPRS' motion has an extreme effect on IWA-Forest's legal rights under the PSLRA. Allowing INPRS to file a motion for lead plaintiff after the PSLRA's deadline is highly prejudicial to the rights of the rest of the class under the PSLRA, and the original movants who followed the statute. However, selecting IWA-Forest to serve as lead plaintiff for the class based on a timely filed motion causes no prejudice.

INPRS cites *Bisesto v. Uher*, No. 19-CV-1678 (KMK), 2019 WL 2537452 (S.D.N.Y. June 20, 2019), to support the premise that a court may, in its discretion, find an otherwise untimely motion timely. *Bisesto* at *5. However, the holding focused on a narrow quirk of the ECF filing system. There, counsel filed in the district for the first time and needed to create a PACER account. *Bisesto v. Uher*, No. 19-CV-1678 (KMK) ECF No. 9 at ¶6 (Affirmation in Reply to Defendant's Opposition to Plaintiff's Motion to Remand and in Further Support ("Sullivan Reply")). The day the motion was due, counsel created their PACER account in preparation for filing; however, due to a quirk in the PACER system, they were not given filing privileges until the next day. Sullivan Reply at ¶6. The court focused on this narrow issue when it decided to allow plaintiff to file their untimely motion. *Bisesto* at *5. Importantly, plaintiff's counsel in *Bisesto* also specifically attached screenshots of the exact issues they were having, something INPRS notably failed to do. *Bisesto*, No. 19-CV-1678 (KMK), ECF No. 9-1.

Reliance on *Finocchiaro v. NQ Mobile, Inc.*, No. 15 CIV. 6385 (NRB), 2016 WL 7031613 (S.D.N.Y. Dec. 1, 2016) is similarly misplaced. There, the court was faced with an untenable situation where the **only** movant for lead plaintiff filed their motion a day late, and said movant



Donald R. Hall
800 Third Avenue, 38th Floor
New York, NY 10022
Telephone: 212.687.1980
Fax: 212.687.7714
Email: dhall@kaplanfox.com

could not adequately represent the class. *Id.* at *1, *3. In order to avoid an unjust result, namely that the entire class would not be adequately represented, the court found the motion timely in order to put into the record the mention of the other five plaintiffs who could adequately represent the class. *Id.* at *3-4. The court then used its discretion to reopen the period to move for lead plaintiff for 30 days. *Id.* at *4. Thus, the Court did not accept the late filed motion but rather reopened the filing period.

The courts in *Phoenix*, *Bisesto*, and *Finocchiaro* were all focused on narrow exceptional circumstances that otherwise would have resulted in an unjust result. *See Scantek Med., Inc. v. Sabella*, No. 08-CV-453 (CM), 2008 WL 2518619, at *3 (S.D.N.Y. June 24, 2008) (noting *Phoenix* stands for the premise that courts may use their discretion to relax local rules in ***exceptional circumstances***, to prevent ***unjust outcomes***, and that these situations are ***rare***). Here, there were no exceptional circumstances. This was a purposeful, lawyer-driven strategy to file at the absolute last minute that backfired. Nothing more. Further, there is no unjust result here because IWA-Forest can adequately represent the class.

This case is closer to *New York Times Co. v. U.S. Dep't of Homeland Sec.*, 959 F. Supp. 2d 449, 458 (S.D.N.Y. 2013) where even good faith filing attempts were held insufficient to overcome the most important factor – "the reason for the delay, including whether it was within the movant's reasonable control." *Id.* In *New York Times*, the Southern District faced a routine filer who waited until the last minute and failed to notice that there was an error in the filing process, causing their appeal to be untimely. *Id.* at 458. "Because the Government waited until the eleventh hour to file, it left no time to correct its error. Everything, from the filing failure to the failure to notice the error, was "'within the reasonable control of the [Government].'" *Id.* at 458-9. Even though the "error was inadvertent and that denial of its request might therefore seem unduly harsh… [f]iling deadlines must be consistently enforced for the greater good. There is no exception for a filer's carelessness." *Id.* at 459. The court specifically noted that plaintiffs were not prejudiced, the delay would be short, and both parties agreed DHS acted in good faith, yet still found the untimeliness could not be excused. *Id.* at 458.

While not in SDNY, *In re Sands*, 328 B.R. 614 (Bankr. N.D.N.Y. 2005), also addresses ECF filing issues. There the court noted that it had the ability to allow an untimely filing due to ECF issues, however "[i]t is incumbent on the [movant] to show that the clerk's office was subject to a CM/ECF system failure." *Id.* at 619. "[C]ounsel could submit proof that the problems at the clerk's office prevented the filing of the petition," such as "call[ing] the clerk's office when this happens" and "ask[ing] the representative [at the clerk's office] to confirm that the CM/ECF system is not accessible or otherwise delayed." *Id.* As counsel undoubtedly should know, "[t]he clerk's office will make suitable arrangements to accommodate the filing." *Id.*

According to the Court's ECF expert, "the court experienced intermittent connectivity issues with PACER on March 23rd," however as noted, these issues were temporary and did not prevent other movants from timely filing. Here, unlike in *Bisesto*, counsel is active in the district and is an experienced filer. (ECF No. 32 at p. 6-8 (Memorandum of Law of INPRS)). Counsel

3



Donald R. Hall
800 Third Avenue, 38th Floor
New York, NY 10022
Telephone: 212.687.1980
Fax: 212.687.7714
Email: dhall@kaplanfox.com

routinely files in this district and is well aware that there may be intermittent issues with filing. *See New York Times,* 959 F. Supp. 2d at 458. It is incumbent upon INPRS, as a sophisticated party and potential fiduciary of the class, to exercise caution to avoid intermittent issues that are inherent to technology. Additionally, the ECF clerk confirmed that other users (in other Actions) were able to file during the time frame at issue despite there being intermittent problems. INPRS would have been able to do the same had it not waited until the very last minute to file. INPRS's counsel took a risk for strategic reasons and should not be rewarded when they filed late because of the risk. Especially in a situation where there is another qualified institution willing and able to serve as lead plaintiff who did meet all the PSLRA's requirements and filed on time.

Based on the foregoing, proposed lead plaintiff IWA-Forest urges the Court to deny INPRS' motion.

Respectfully submitted,

/s/ Donald R. Hall

4