UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
┌─────────────────────────────────┐
│ DANIL DENHA, individually and   │
│ on  behalf  of  all  others     │
│ similarly situated,             │
│                                 │
│         Plaintiff,              │
│                                 │
│   -v-                           │
│                                 │
│ BELLRING  BRANDS,  INC.,  DARCY │
│ HORN DAVENPORT, and PAUL RODE,  │
│                                 │
│         Defendants.             │
└─────────────────────────────────┘
```

26-cv-575 (JSR)

MEMORANDUM ORDER

JED S. RAKOFF, U.S.D.J.:

Before the Court are two competing motions under the Private Securities Litigation Reform Act ("PSLRA") to serve as lead plaintiff in this putative class action against BellRing Brands ("BellRing"). Several other competing lead-plaintiff motions brought by other parties have been withdrawn. Accordingly, only the motions of Indiana Public Retirement System ("INPRS") and The Trustees of the IWA-Forest Industry Pension (the "IWA-Forest Trustees") remain before the Court.

The PSLRA provides that the Court "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). There is a rebuttable presumption that the "most adequate plaintiff" is the moving plaintiff who (1) has the largest financial interest in the relief sought by the class; and (2) satisfies the typicality and adequacy requirements of Rule 23. Id. § 78u-4(a)(3)(B)(iii)(I). This presumption is rebutted

1

if the presumptive lead plaintiff: (1) will not fairly and adequately protect the interests of the class; or (2) is subject to unique defenses that render such plaintiff incapable of adequately representing the class. Id. § 78u-4(a)(3)(B)(iii)(II).

After consideration of the written submissions from INPRS and the IWA-Forest Trustees, the Court conducted an evidentiary hearing on April 8, 2026, to inquire into the foregoing issues. Part of that hearing focused on whether INPRS's motion to serve as lead plaintiff should be rejected altogether because it was filed six minutes after the statutorily-required deadline. Specifically, the PSLRA requires "that, not later than 60 days after the date on which the notice [advising members of the purported plaintiff class of the lawsuit] is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class." 15 U.S.C. § 78u-4(a)(3)(A)(i)(II). The deadline to move to serve as lead plaintiff in this case was March 23, 2026, but INPRS did not move for appointment until a few minutes after midnight on March 24, 2026. IWA-Forest Trustees argues that this late filing is dispositive, leaving them as the sole remaining movant for appointment as lead plaintiff. In turn, INPRS blames the delay on technical failures on the CM/ECF filing platform and requests the Court's excusal.

Under this District's rules, "[i]f a technical failure prevents [a party] from filing electronically," parties are directed to "electronically file as soon as the system is restored." SDNY Electronic Case Filings Rule & Instructions 23.6(b). If a party misses

a "filing deadline when the ECF system [is] out of order," they are directed to "attach a statement to [their] filing explaining how the interruption in service prevented [them] from filing in a timely fashion." Id. 23.6(c).

INPRS complied with these rules. It attached an affidavit to their filing, explaining that, at approximately 11:28 p.m. on March 23, 2026, a paralegal at the law firm of their counsel, Robbins Geller Rudman & Dowd ("Robbins Geller"), attempted to file the requisite motion papers but received error messages on the District's ECF filing portal. ECF No. 39-1 ¶¶ 3-4. She immediately reported this, but when other employees and lawyers at the firm tried to file from other locations, they faced independent technical hurdles. Id. ¶¶ 5-7. These individuals "attempt[ed] to access the ECF system from multiple locations, devices, and browsers, all resulting in the systemic error messages." Id. ¶ 7. Nevertheless, Robins Geller "continue[d] [their] attempts to file," and ultimately managed to successfully upload the motion a few minutes after midnight on March 24, 2026. Id. ¶ 9.

The Court inquired further into the delay at the hearing on April 8, 2026. It questioned the affiant on the stand, asking why counsel for INPRS had waited until the last permitted day to file the motion seeking appointment as lead plaintiff. It emerged during the hearing that although 60 days are allowed under the PSLRA to move for such an appointment, competing counsel typically wait until the last hours to file their motions in an effort to stave off competitors from making

3

artificial adjustments to appear as more suitable lead plaintiffs.[1] Indeed, it also became clear during the hearing that counsel for IWA-Forest Trustees also waited until past 10:00 p.m. on the night of March 23 to file its competing motion. After further inquiry, the Court received communication from the Court's CM/ECF expert, who confirmed that the Court had indeed experienced intermittent connectivity issues with the filing platform on March 23.

Based on the foregoing, the Court finds that INPRS's six-minute delay is excusable. The Second Circuit has held that district courts possess the discretion to excuse ECF delays, particularly when the reason for the delay is corroborated by sworn statements and the late filing did not prejudice other parties. See Phoenix Glob. Ventures, LLC v. Phoenix Hotel Assocs., Ltd., 422 F.3d 72, 76-77 (2d Cir. 2005). Here, both elements are met. Counsel for INPRS filed an affidavit attesting to the reason for their delay, which the Court independently evaluated at the April 8 hearing, and which has been further corroborated by this Court's staff. Further, the delay was de minimis -- a matter of six minutes after the filing deadline -- and caused no harm to any other individual or entity. Accordingly, the Court will

---

[1] The Court is dismayed by the gamesmanship apparent in many such PSLRA actions. For instance, the Court has previously considered and rejected the appointment of parties who artificially grouped themselves together in an effort to inflate their losses and thereby collectively appear as the most suitable lead plaintiff. See In re Petrobras Securities Litigation, 104 F. Supp. 3d 618, 621-23 (2015). Nevertheless, this strategy is not a factor before the Court in this case.

consider INPRS's motion for appointment as lead plaintiff in this action.

Turning to the merits of the competing lead plaintiff motions, the Court concludes that INPRS is also "the most adequate plaintiff" in this action. As noted, there is a rebuttable presumption that the most adequate plaintiff is the moving plaintiff who (1) has the largest financial interest in the relief sought by the class; and (2) satisfies the typicality and adequacy requirements of Rule 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). TWA-Forest Trustees agreed on the record that, assuming the Court excused INPRS's delay, that INPRS is presumptively the most adequate plaintiff in this action. See Tr. April 8, 2026. The Court's independent review of the competing lead plaintiff motions confirms that conclusion. INPRS claims a loss in the amount of $3 million on a first-in, first-out basis and more than $2.1 million on a last-in, first-out basis. See INPRS Mem. of Law at 4. No other competing plaintiff has come forward with a larger financial interest. Moreover, INPRS's claims appear to be typical of the class and it has made a prima facie showing of adequacy. There are no apparent issues specific to INPRS that would create a conflict of interest between it and the class, or any facts that suggest INPRS's interests would not be aligned with those of the class. Accordingly, nothing rebuts the presumption that INPRS is best situated to serve as lead plaintiff in this action.

As is its practice, the Court also inquired into the more general adequacy of the proposed lead plaintiff by questioning on the stand

the internal INPRS officer in this case, its general counsel, as to how that person will oversee this action and is fully satisfied by his ability to do so. The PSLRA also provides that the most adequate plaintiff "shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). This provision "evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention." Varghese v. China Shenghuo Pharma. Holdings, Inc., 589 F. Supp. 2d 388, 398 (S.D.N.Y. 2008) (citation omitted). In this case, INPRS has selected Robbins Geller, and the Court finds that the firm, which has extensive experience with litigation such as this one, see ECF No. 32 at 6-8, is well qualified to serve as lead counsel. However, the Court also believes Robbins Geller can handle the entire action without multiplying costs by retaining other firms to assist them (costs that would effectively reduce recovery by the class). Accordingly, the Court's appointment is conditioned on Robbins Geller's handling of the case without retaining other firms, barring special circumstances for which Robbins Geller must seek court approval in advance.

For the foregoing reasons, the Court appoints INPRS as lead plaintiff and approves its choice of Robbins Geller as lead counsel. The Clerk's Office is directed to close ECF Nos. 17, 20, 25, 26, and 31. The Court directs counsel for INPRS and counsel for the defendants to jointly call Chambers later today, April 10, 2026, at 3:00 p.m. to discuss further scheduling in this case.

SO ORDERED.

New York, NY
April 10, 2026

JED S. RAKOFF, U.S.D.J.

7